NOTE:  Pursuant to Fed. Cir. R. 47.6, this disposition
is not citable as precedent.  It is a public record.

# United States Court of Appeals for the Federal Circuit

06-3132

RHONDA L. SCHUTTE,

Petitioner,

v.

DEPARTMENT OF THE TREASURY,

Respondent.

_____

DECIDED:  October 10, 2006

_____

Before RADER, Circuit Judge, PLAGER, Senior Circuit Judge, and DYK, Circuit Judge.

RADER, Circuit Judge.

The Internal Revenue Service (the Agency) fired Ms. Rhonda L. Schutte from a seasonal Tax Examining Clerk position.  Ms. Schutte filed claims for wrongful termination and Individual-Right-Of-Action (IRA) under the Whistleblower Protection Act (WPA).  Schutte v Dep't of Treasury, MSPB Docket No. DE-315H-04-0355-I-1; Schutte v Dep't of Treasury, MSPB Docket No. DE-1221-05-0067-W-1.  The wrongful termination claim is complete.  Schutte, 100 M.S.P.R. 645 (2005).  Only Ms. Schutte's appeal from the Merit Systems Protection Board's (Board) dismissal of her IRA claim remains for this appeal.  The Board dismissed as to claims F-M because Ms. Schutte did not completely exhaust her administrative remedies before the Office of Special Counsel (OSC) and as to all claims because she failed to make protected disclosures

under the WPA. Schutte v Dep't of Treasury, MSPB Docket No. DE-1221-05-0067-W-1. Finding no reversible error, this court affirms.

I

On February 3, 2003 the Agency hired Ms. Schutte as a Tax Examining Clerk, a seasonal position. Her hiring was subject to a one-year probationary period. On May 25, 2004, Ms. Schutte received notification of probationary termination. Ms. Schutte appealed her termination to the Board. The Board reversed the Agency, restoring Ms. Schutte and awarding back pay, interest on back pay, and other benefits. 100 M.S.P.R. at 648 (holding that a seasonal employee's time in nonduty, nonpay status is contemplated as part of his employment such that these off-duty days cannot be considered workdays breaking current continuous employment).

During the pendency of the appeal of her termination, however, Ms. Schutte alleged the Agency retaliated against her, for various protected disclosures. The administrative judge assigned to Ms. Schutte's case informed her that she would have to exhaust all of her remedies before the OSC before filing an IRA appeal with the Board. Ms. Schutte filed a complaint with the OSC identifying five allegedly protected disclosures, "A-E". After receiving a closure letter from the OSC, however, Ms. Schutte filed her IRA appeal identifying two sets of allegedly protected disclosures, "A-E" and "F-M". The administrative judge found that Ms. Schutte had failed by a preponderance of the evidence to demonstrate that an update to the original complaint detailing disclosures "F-M" was ever sent to the OSC. Based on this finding, the administrative judge held that Ms. Schutte did not completely exhaust her administrative remedies before the OSC. Additionally, the administrative judge, as to claims F-M, found that

even if all of the disclosures had been brought before the OSC, none of the disclosures was protected.

II

This court must affirm any agency action, findings, or conclusions unless they are: (1) arbitrary or capricious, an abuse of discretion, or otherwise not in accordance with the law; (2) obtained without procedure required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence. 5 U.S.C. § 7703(c) (1996); Hayes v. Dep't of Navy, 727 F.2d 1535, 1537 (Fed. Cir. 1984).

The Board may grant a petition for review based on new and material evidence that, despite due diligence, was not available when the record closed. 5 C.F.R. § 1201.115(d)(1). However, the Board only has jurisdiction over an IRA appeal if the appellant has exhausted all administrative remedies before the OSC and made "non-frivolous allegations" that: (1) he engaged in whistleblowing activity by making a protected disclosure under 5 U.S.C. § 2302(b)(8), and (2) the disclosure was a contributing factor in the Agency's decision to take or fail to take a personnel action as defined by 5 U.S.C. § 2302(a). Yunus v. Dep't of Veterans Affairs, 242 F.3d 1367, 1371 (Fed. Cir. 2001). Under the WPA, protected disclosures include "any disclosure of information by an employee or applicant which the employee or applicant reasonably believes evidences **(i)** a violation of any law, rule, or regulation, or **(ii)** gross mismanagement, a gross waste of funds, an abuse of authority, or a substantial and specific danger to public health or safety." 5 U.S.C. § 2302(b)(8). However, "complaints to a supervisor about the supervisor's own conduct are not disclosures covered by the WPA." Huffman v. Office of Pers. Mgmt., 263 F.3d 1341, 1344 (Fed. Cir. 2001).

"An agency may appoint by reinstatement to a competitive service position a person who previously was employed under career or career-conditional appointment." 5 C.F.R. § 315.401 (2006)(emphasis added). Further, a federal employee holding a General Schedule position may be advanced up to any General Schedule grade the employee previously held under nontemporary appointment in the competitive or excepted service. 5 C.F.R. § 300.603 (2006)(emphasis added).

In her informal brief to this court, Ms. Schutte does not address the administrative judge's finding that she failed to show an update to the original complaint detailing disclosures "F-M". In his initial decision, the administrative judge noted the lack of a cover letter or certificate of service indicating an update. The administrative judge further noted the OSC closure letter lacks reference to an update or to disclosures "F-M." The record does not contain any evidence indicating that the OSC evaluated the merits of disclosures "F-M." Thus, based on the record before this court, this court finds the administrative judge's holding that Ms. Schutte did not exhaust her administrative remedies before the OSC based on disclosures "F-M" was not arbitrary or capricious, an abuse of discretion or otherwise not in accordance with the law.

Additionally, the administrative judge found that even if all of the disclosures had been brought before the OSC, none of the disclosures was a protected disclosure under the WPA. In evaluating the whether any of the disclosures are protected disclosure under the WPA, the administrative judge made numerous findings of fact. The administrative judge found the allegedly protected disclosures were vague, unsubstantiated, factually deficient, conclusory, and often lacked specificity. The administrative judge also found that many of the disclosures were reported to the

alleged wrongdoer or described mere "trivial lapses" rather than genuine violations or real wrongdoing.

We have considered Ms. Schutte's specific allegations numbered A-E. None of these establishes the presence of protected activity. Many of the allegations, as the Board found, were merely conclusory. Reprisals based on an employee's exercise of her right to complain about the employee's own treatment by the agency do not qualify for whistleblower protection under the WPA. See Spruill v. MSPB, 978 F.2d 679, 690 (Fed. Cir. 1992). To the extent that the alleged disclosures were made to her supervisor concerning the supervisor's own conduct, they were not protected, Huffman, 263 F.3d at 1344, and "disclosures of trivial violations do not constitute protected disclosures" under the WPA. Langer v. Dep't. of Treasurey, 265 F.3d 1259, 1266 (Fed. Cir. 2001). Further Ms. Schutte alleges violations under §§ 315.401 and 300.603, which are both permissive in nature, and thus a dispute under these sections cannot, as a matter of law, constitute a protected disclosure under the WPA. For these reasons, this court affirms the Board's decision.